IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHIRLEY M. SMITH,

    Plaintiff,

v.                                                                   No. 1:23-cv-02108-JDB-jay

WALBRIDGE CONSTRUCTION, *et al.,*

    Defendants.
_____

ORDER DENYING MOTION FOR RECONSIDERATION
AND
DISMISSING CASE
_____

        On February 27, 2023, the Plaintiff, Shirley M. Smith, filed a pro se complaint against her former employer, Walbridge Construction, and various other parties alleging workplace discrimination. (Docket Entry ("D.E.") 1.) Under Administrative Order No. 2013-05, the action was referred to the assigned magistrate judge, Jon A. York, for management of all pretrial matters. In an order entered June 20, 2023, she was granted leave to proceed in forma pauperis. (D.E. 9.) In a screening report and recommendation entered August 21, 2023 (the "R&R"), pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge York recommended that Plaintiff be permitted leave to amend her complaint as to her discrimination claims based on race and gender and that her claims for retaliation and discrimination arising from age or disability, as well as any claims against her former co-workers and supervisors, be dismissed. Plaintiff filed no objections to the R&R and, in an order entered September 8, 2023, this Court adopted the R&R and gave Smith thirty days in which to amend her complaint. (D.E. 11.) On September 11, 2023, Attorney Paul Anthony Robinson, Jr. appeared on her behalf (D.E. 12) and, on October 9, 2023, moved for reconsideration of portions of the Court's September 8 order (D.E. 13).

1

Plaintiff's attorney argues herein that, in discussions with his client while preparing the amended complaint, certain facts came to light which bolster her claims for gender discrimination and retaliation and that those claims should not have been dismissed. He requests that the Court allow him to include the claims in his amended pleading. For the reasons set forth below, the motion must be DENIED.

With respect to gender discrimination, the claim was not, as Plaintiff insists, dismissed in the September 8 order. Rather, the undersigned adopted the magistrate judge's finding that the original complaint did not provide sufficient facts from which the Court could infer gender discrimination and recommendation that permission be given to amend the complaint in order to allege any such facts, to which Plaintiff offered no objection. Instead of filing an amended pleading pursuant to the Court's order, however, counsel moved for reconsideration of a decision not rendered, ignoring the fact that the undersigned had already granted the relief sought.

Moreover, the time for filing the amended pleading to sufficiently allege both the gender and race discrimination claims has expired. The only filings listed on the docket since September 8 consist of Attorney Robinson's notice of appearance and the instant motion. The motion did not request an extension of time to file an amended pleading or provide any basis upon which the Court could grant an extension. Indeed, it completely failed to even mention the deadline. Because the Plaintiff has failed to amend her complaint in order to allege sufficient facts to sustain discrimination claims based on race or gender in a timely fashion, the Court is back where it started--with an initial pro se complaint that undisputedly pleaded insufficient facts to state such claims. Accordingly, the gender and race discrimination claims are DISMISSED.

The Court now turns to Plaintiff's assertion as to the retaliation claim. Unlike gender discrimination, this claim was dismissed by the September 8 order. Although Smith does not cite

to a procedural rule upon which her motion to reconsider is based, Rule 54(b) of the Federal Rules of Civil Procedure typically provides the appropriate means for seeking reconsideration of interlocutory orders. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Under the local rules of this district, a motion for reconsideration under Rule 54(b) must show

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b). "Motions to reconsider interlocutory orders are not otherwise permitted." LR 7.3(a). Plaintiff does not point to any of the subsection (b) circumstances as being present here. Instead, it appears that she may not have understood the legal relevance of certain facts regarding the claims alleged in her pro se complaint and of which she was aware at the time. Unfortunately, counsel provides little in the way of enlightenment on this point. The Court is simply unpersuaded that Rule 54 and the local rule provide any relief.

To the extent Smith's filing constitutes a motion to amend the original complaint to reallege a retaliation claim, the Court recognizes at the outset that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave may be denied where an amendment would be futile. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). "'A proposed amendment is futile if the amendment could not withstand a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss.'" *Id.* (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)). Implicit in Rule 15(a) is "that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the

proposed amendment." *Id.* (quoting *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002)).  "Normally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). Plaintiff's proffered basis for amending the complaint to include a retaliation claim consists of a two-sentence statement by counsel in the motion, with no amended pleading attached.  From this, the Court cannot determine whether an amendment could withstand a Rule 12(b)(6) motion to dismiss.  Accordingly, any request to amend in order to reallege the claim is DENIED.

As all of the claims raised in the operative complaint have been dismissed, the Clerk is DIRECTED to enter judgement for the Defendants.

IT IS SO ORDERED this 30th day of October 2023.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE
